UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

MDM OF LAKELAND, PA
d/b/a Highlands Dental
d/b/a All About Teeth

    Debtor.
_____/

Case No. 8:14-bk-1546-CPM
Chapter 11

## MOTION FOR CRAMDOWN AND NOTICE OF AUCTION OF DEBTOR'S EQUITY

MDM of Lakeland, PA ("Debtor"), by and through its undersigned counsel and pursuant to the provisions of Section 1129(b) of the Bankruptcy Code, hereby files this Motion for Cramdown and Notice of Auction of Debtor's Equity under 11 U.S.C. § 1129(b) of the Bankruptcy Code and in support of the Motion says:

1. The Debtor filed its Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code ("Code") on February 12, 2014. This Court has jurisdiction herein pursuant to 28 U.S.C. Section 1334. This is a core matter.

2. The Court previously entered an Order conditionally approving the Debtor's Disclosure Statement (Doc. No. 69) and authorizing the Debtor to solicit acceptances of its Plan of Reorganization (Doc. No. 70). The time for filing ballots has closed. A copy of the Ballot Tabulation is attached hereto.

3. The Debtor's Plan divides creditors and parties in interest into six (6) classes. Classes 1, 2, 3, and 4 are impaired and did not file ballots.

4. The General Unsecured Creditors in Class 5 are impaired and four (4) creditors filed ballots totaling $600,959.56. Two creditors totaling $534,333.07 have filed ballots rejecting the

Debtor's Plan and two creditors totaling $66,626.49 have accepted the Debtor's Plan. Accordingly, Class 5 has rejected the Debtor's Plan.

5. Although Classes 1, 2, 3, and 4 are impaired and did not file ballots, none of the creditors in these classes have filed an Objection to Confirmation of the Plan. Payment to these classes is proposed to be made in accordance with the terms of the Bankruptcy Code.

6. Additionally, pursuant to the Plan, BankUnited, N.A. ("BankUnited") is entitled to cast two ballots – one ballot as a Class 1 secured creditor in the amount of $415,000, and one ballot as a Class 5 unsecured creditor in the amount of $967,467.82.

7. The Plan was the product of meaningful negotiations between MDM and BankUnited and cooperation between the parties since this case was filed. MDM's principal, Dr. Martin, was an integral part of the discussions and negotiations that caused BankUnited to become comfortable with the Plan.

8. During a hearing of this matter and a related Chapter 7 case[1] on June 30, 2014, the Court granted the Debtor's *ore tenus* motion to conduct an auction of Debtor's equity immediately prior to the Confirmation Hearing in order to address objections to the Plan that had been raised based upon the absolute priority rule.

9. BankUnited wishes to cast its ballots after the Court has conducted the auction so that it can be certain that its discussions and negotiations with Dr. Martin were not done in vain.

10. On July 9, 2014 the Court entered an Order Granting a Motion to Extend BankUnited's Time to Submit Ballots to the Confirmation Hearing (Doc. No. 82). In the event that Dr. Martin is the highest and best bidder in the equity auction, BankUnited's votes accepting in

---

[1] MDM's principal, Dr. Jeffrey Martin, is the debtor in case No.: 14-05057. On June 30, 2014, the Court approved the Trustee's proposed sale of that debtor's equity in MDM and an affiliate company back to Dr. Martin for $10,000.00, and overruled the United States Trustee's objection to the sale.

Classes 1 and 5 will result in at least two impaired classes accepting the Debtor's Plan.

11. The Debtor asserts that the Plan of Reorganization is confirmable in that all provisions of 1129(a) necessary for confirmation have been satisfied except for the acceptance by each and every impaired class. Accordingly, the Debtor asserts that the Plan of Reorganization complies with the provisions of Section 1129(b) of the Bankruptcy Code and this Court should confirm the Debtor's Plan of Reorganization notwithstanding the failure to receive an acceptance in each impaired class.

12. **Based upon applicable case law under 11 U.S.C. §1129(b), the Debtor hereby provides notice through this Motion that it intends to auction the equity ownership of the Debtor at the confirmation hearing. Since the Debtor is insolvent, the Debtor asserts that the value of the Debtor's equity ownership is negligible but nevertheless the principal of the Debtor, Jeffrey A. Martin, DMD, will offer $10,000 in total for the one hundred (100%) ownership of the Debtor to be allocated consistent with the ownership as it existed pre-petition. The Debtor will request that all succeeding bids, if any, be in increments of $1,000. Since the Debtor's equity will be purchased pursuant to an auction process, wherein all creditors and parties in interest have been provided notice, the Debtor asserts that if the Debtor's principal is the successful and highest bidder, this will constitute "new value" sufficient to overcome any objection based upon the absolute priority rule.**

WHEREFORE, the Debtor respectfully requests that this Court grant this Motion, cramdown the Debtor's Plan over the objections of the objecting creditors, that the Court approve the auction notice set forth herein, find that any objection to confirmation should be overruled and that this Motion should be granted, and that the Court grant such other and further relief as is just.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion for Cramdown has been furnished via U.S. mail this 10th day of July, 2014, to the **Office of U.S. Trustee**, 501 E. Polk St., Suite 1200, Tampa, FL 33602; **MDM of Lakeland, PA**, 701 S. Howard Ave., Ste. 106-386, Tampa, FL 33606 and all creditors and parties in interest as listed on the attached official court matrix.

        JOHNSON, POPE, BOKOR,
        RUPPEL & BURNS, LLP

        /s/ Alberto F. Gomez, Jr.
        Alberto F. Gomez, Jr. (FBN: 784486)
        403 E. Madison Street (33602)
        P.O. Box 1100
        Tampa, FL 33601-1100
        Telephone: 813-225-2500
        Facsimile: 813-223-7118
        Email: Al@jpfirm.com
        Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

MDM OF LAKELAND, PA
d/b/a Highlands Dental
d/b/a All About Teeth

Case No. 8:14-bk-1546-CPM
Chapter 11

Debtor.
_____/

## BALLOT TABULATION

| | | |
|---|---|---|
| Class 1: | Secured Claim of Bank United (Impaired) | No ballot*. |
| Class 2: | Secured Claim of Pinellas County Tax Collector (Impaired) | No ballot. |
| Class 3: | Priority Unsecured Claim of IRS (Impaired) | No ballot. |
| Class 4: | Priority Unsecured Claim of Florida Dept. Revenue (Impaired) | No ballot. |
| Class 5: | General Unsecured Claims (Impaired)<br>4 ballots filed ($600,959.56 total voting)<br>2 accepted<br>50% in number accepting<br>11% in amount accepting | Rejected*. |

*On July 9, 2014 the Court entered an Order Granting a Motion to Extend BankUnited's Time to the Confirmation Hearing in order to Submit its Ballots in Classes 1 and 5 (Doc. No. 82). In the event that Dr. Martin is the highest and best bid in the equity auction, BankUnited's votes accepting in Classes 1 and 5 will result in at least two impaired classes accepting the Debtor's Plan.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Ballot Tabulation has been furnished by regular U. S. Mail and/or CM/ECF electronic system this ___ day of July, 2014 to the **United States Trustee**, Timberlake Annex, 501 East Polk Street, Suite 1200, Tampa, Florida 33602.

JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP

/s/ Alberto F. Gomez, Jr.
Alberto F. Gomez, Jr. (FBN: 784486)
403 E. Madison Street (33602)
P.O. Box 1100
Tampa, FL 33601-1100
Telephone:   813-225-2500
Facsimile:    813-223-7118
Email: Al@jpfirm.com
Attorneys for Debtor